UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

               v.

DESHEMA CLARK,

               Defendant.

_____

**DECISION AND ORDER**

1:23-CR-00027 EAW

## I.    __INTRODUCTION__

Defendant Deshema Clark ("Defendant") stands accused by way of an indictment returned on or about March 2, 2023, with misprision of felony in violation of 18 U.S.C. § 4 and false statements to an agency of the United States in violation of 18 U.S.C. § 1001(a)(2).  (Dkt. 1).  Defendant filed pretrial motions on August 16, 2023 (Dkt. 23), the government filed papers in opposition on September 15, 2023 (Dkt. 25), and oral argument was held on October 18, 2023, at which time the undersigned ruled from the bench on the outstanding issues.  This Decision and Order memorializes those rulings and sets forth in further detail the Court's reasoning for denying the motion to dismiss on double jeopardy grounds.

## II.    __BACKGROUND__

Defendant was charged by way of a second superseding indictment in *United States v. Cobb et al.*, Case No. 1:19-CR-00155 (the "2019 Action" or "Case No. 1:19-CR-00155"), with a narcotics conspiracy in violation of 21 U.S.C. § 846 (count 1), maintaining a drug-involved premises in violation of 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2 (count

23), and possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D) and 18 U.S.C. § 2 (count 24).  (Case No. 1:19-CR-00155, Dkt. 106).  Five other defendants were also named in the second superseding indictment, all of whom resolved the case through a plea (Case No. 1:19-CR-00155, Dkt. 380; Dkt. 398; Dkt. 407; Dkt. 447) with the exception of Deandre Wilson ("Wilson") who was convicted by a jury and ultimately sentenced to an aggregate prison sentence of three consecutive life sentences plus thirty years (Case No. 1:19-CR-00155, Dkt. 645).  Defendant was in a relationship with Wilson.

Like most of her co-defendants, Defendant also entered into a plea agreement with the government.  Defendant pleaded guilty to a misdemeanor charge of possession of marijuana, pursuant to which the government agreed to dismiss at the time of sentencing the counts in the second superseding indictment that were pending against Defendant. (Case No. 1:19-CR-00155, Dkt. 397).  Sentencing is currently scheduled on that matter for June 24, 2024 (Case No. 1:19-CR-00155, Dkt. 718), and thus the counts in the second superseding indictment against Defendant remain pending.

As part of the pretrial litigation in the 2019 Action, Defendant filed omnibus pretrial motions, including suppression motions related to statements by Defendant and evidence obtained during a search of her home at 164 Parkridge Avenue, Buffalo, New York, on October 9, 2019.  (Case No. 1:19-CR-00155, Dkt. 189; Dkt. 268).  The Court issued several Decisions and Orders in connection with those motions, as described more fully below:

(1) a Decision and Order entered June 18, 2021 (Case No. 1:19-CR-00155, Dkt. 242), that made the following rulings:

- 2 -

(a) denied Defendant's severance motion;

(b) denied Defendant's motion for a bill of particulars;

(c) denied Defendant's request that the Court issue a deadline for the government to comply with its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), or otherwise direct that certain information be produced;

(d) denied Defendant's request that the Court order early disclosure by the government of material pursuant to the Jencks Act, 18 U.S.C. § 3500;

(e) granted Defendant's request that the government be directed to preserve all rough notes and items of evidence;

(f) denied Defendant's request for grand jury transcripts;

(g) denied Defendant's request for the identity of informants and related information;

(h) denied Defendant's motion for production of material pursuant to Fed. R. Crim. P. 16;

(i) denied without prejudice Defendant's motion related to various matters covered by the Court's pretrial order (such as issues related to the government's expert witnesses and disclosure of information pursuant to Federal Rules of Evidence 404(b), 608, and 609); and,

(j) denied without prejudice Defendant's unspecified request for leave to file additional motions;

(2) a Decision and Order entered October 4, 2021 (Case No. 1:19-CR-00155, Dkt. 310), denying the motion to suppress evidence seized during the search on October 9, 2019, finding that the search warrant for 164 Parkridge Avenue was supported by probable cause and, alternatively, suppression was not warranted pursuant to the good faith exception recognized in *United States v. Leon*, 468 U.S. 897 (1984); and,

(3) a Decision and Order entered April 25, 2022 (Case No. 1:19-CR-00155, Dkt. 360), rendered after an evidentiary hearing, denying Defendant's motion to suppress Defendant's statements made to law enforcement on October 9, 2019, and evidence seized from her cellphone.

As part of the pretrial motions filed by Defendant in the instant matter, she largely repeated verbatim the requests for relief previously requested in the 2019 Action.[1]  As

---

[1]  It does not appear that Defendant again specifically challenged the search warrant for the search on October 9, 2019, as lacking probable cause.  Defendant did make that challenge in the 2019 Action, but the suppression motion was filed separately from the omnibus motions filed by Defendant.  (*See* Case No. 1:19-CR-00155, Dkt. 189; Dkt. 268).  Nonetheless, even if Defendant had filed that specific request for relief here, there is

Defendant's counsel acknowledged at the appearance before the undersigned on October 18, 2023, Defendant did so to preserve the record.

At the appearance on October 18, 2023, the Court indicated that those pretrial motions would be resolved in the same manner as previously resolved; namely: (1) Defendant's request for a bill of particulars was denied because she failed to meet her burden under Fed. R. Crim. P. 7(f); (2) Defendant's request for disclosure of informant identities and related information was denied for the same reasons previously articulated in the 2019 Action (*see* Case No. 1:19-CR-00155, Dkt. 242 at 25-30); (3) Defendant's request for Rule 16 disclosures and *Brady* information was denied to the extent Defendant sought information outside the scope of those requirements, and was otherwise denied as moot based on the government's uncontroverted representations that it has complied with its obligations; (4) Defendant's request for grand jury transcripts was denied for the same reasons previously articulated in the 2019 Action (*see* Case No. 1:19-CR-00155, Dkt. 242 at 24-25); (5) Defendant's request for various relief that will be addressed by the Court's pretrial order (such as relief related to the government's expert witnesses and information relevant to Federal Rules of Evidence 404(b), 608, and 609) was denied without prejudice and could be renewed consistent with the deadlines set in the Court's pretrial order (*see* Dkt. 27); (6) Defendant's request for the production and preservation of rough notes was denied as moot, because the government had already preserved and produced that

---

nothing in the record indicating that the Court should reach any decision different than the one previously reached by its Decision and Order entered October 4, 2021. (*See* Case No. 1:19-CR-00155, Dkt. 310).

information in the 2019 Action; (7) Defendant's requests for suppression were denied for the reasons previously articulated in the 2019 Action (*see* Case No. 1:19-CR-00155, Dkt. 310, Dkt. 360); and (8) Defendant's motion for leave to file unspecified additional motions was denied without prejudice.[2]

The only new issue raised as part of Defendant's pretrial motions in the instant matter was the motion to dismiss on the grounds of double jeopardy. Defendant argues that the charges in the current indictment involve the same factual basis as the indictment in the 2019 Action, and thus the present claims are barred on double jeopardy grounds. (Dkt. 23 at ¶¶ 7-9). The government responds that there is no implication of Defendant's double jeopardy rights with the present case. (Dkt. 25 at 3-7). The Court advised the parties at the appearance on October 18, 2023, that it would be denying the motion to dismiss on double jeopardy grounds, but would issue a Decision and Order setting forth its reasoning in further detail.

## III.   <u>DISCUSSION</u>

The Double Jeopardy Clause of the Fifth Amendment states as follows. "No person shall be . . . subject for the same offence to be twice put in jeopardy of life or limb. . . ." U.S. Const. amend. V. "This guarantee 'prohibits multiple punishments for the same offense.'" *United States v. Garavito-Garcia*, 827 F.3d 242, 250 (2d Cir. 2016) (quoting *United States v. Weingarten*, 713 F.3d 704, 708 (2d Cir. 2013)). To determine whether successive prosecutions under different statutes, such as in this case, effectively charge the

---

[2]   The Court also granted the government's cross-motion for reciprocal discovery (Dkt. 25 at 39) at the appearance on October 18, 2023.

same crime, the same-elements test set forth by the Supreme Court in *Blockburger v. United States*, 284 U.S. 299 (1932) is utilized. *See United States v. Basciano*, 599 F.3d 184, 198 (2010). The Second Circuit has explained:

> Whether two offenses are in fact the same for Double Jeopardy purposes is determined by reference to the so-called "same-elements" test that the Supreme Court established in *Blockburger*. . . . This test "asks whether each offense contains an element not contained in the other, and provides that, if not, they are the same offen[s]e and double jeopardy bars additional punishment." Critically, "[i]n applying the *Blockburger* test, we are required to focus on the statutory elements of each offense. If each statute requires proof of a fact that the other does not, the *Blockburger* test is satisfied, even if the same proof is used at trial to establish both crimes."

*Garavito-Garcia*, 827 F.3d at 250 (citations omitted). *See Blockburger*, 284 U.S. at 304 ("The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.").

"Double jeopardy clearly 'prohibits a second prosecution for the same offense following a guilty plea.'" *United States v. Olmeda*, 461 F.3d 271, 279 (2d Cir. 2006) (citation omitted). However, the same is not necessarily true for open counts that are dismissed with prejudice pursuant to the terms of a plea agreement. That is because "there must be jeopardy in order for there to be double jeopardy," and thus there must be "a decision on the merits which entailed a risk of conviction" in order for that decision to operate as a bar to a recharge on double jeopardy grounds. *United States v. Dionisio*, 503 F.3d 78, 85 (2d Cir. 2007) (identifying the "core question" as "whether there has been a

fact-based resolution of elements of the offense charged as a result of a process in which the defendant risked conviction").

Thus, in *Dionisio*, the Second Circuit concluded that the dismissal of a racketeering conspiracy count with prejudice pursuant to a plea agreement between the defendant and the government, did not entail "a resolution of any factual elements that went to the merits of the charges" against the defendant and there was "no indication that any such resolution (assuming *arguendo* that one had occurred) involved a process that put [the defendant] at any risk of conviction." *Id*. at 89.  The court thus rejected the defendant's double jeopardy argument based on his subsequent indictment for racketeering conspiracy allegedly based on the same offense conduct as the charge that was dismissed pursuant to the plea agreement.  *Id*.[3]  *Cf. United States v. Faulkner*, 793 F.3d 752, 758 (7th Cir. 2015) (recognizing a circuit split on the issue but ultimately declining to "wade into this debate because, even if we assume that jeopardy did attach, [the defendant] has not shown that the newly charged offenses are identical to the [dismissed] counts."); *see also Soto v. Siefker*, 79 F.4th 715, 720 (6th Cir. 2023) (concurring opinion) (collecting cases and suggesting that majority of circuits have "held that charges dismissed as part of a plea agreement may be pursued again without violating the Double Jeopardy Clause").

---

[3]    Finding that the issue was not sufficiently intertwined with the double jeopardy issue that was the subject of the interlocutory appeal, the court did not resolve the issue of whether the subsequent indictment for racketeering conspiracy violated the parties' plea agreement.  *Dionisio*, 503 F.3d at 81 n.3.

Here, Defendant stands accused of two separate counts: (1) misprision of felony in violation of 18 U.S.C. § 4, requiring proof that the principal committed and completed the alleged felony,[4] Defendant had full knowledge of that fact, Defendant failed to notify the authorities, and Defendant took steps to conceal the crime, *see Mendez v. Barr*, 960 F.3d 80, 84 (2d Cir. 2020) (stating elements); and (2) false statements to an agency of the United States in violation of 18 U.S.C. § 1001(a)(2), requiring proof that on or about the date specified, Defendant made a statement or representation, the statement or representation was material, the statement or representation was false, fictitious or fraudulent, the false, fictitious or fraudulent statement was made knowingly and willfully, and the statement or representation was made in a matter within the jurisdiction of the government of the United States, *see* Leonard B. Sand, *et al.*, *2 Modern Federal Jury Instructions: Criminal*, Instruction 36-9; *see also United States v. Litvak*, 808 F.3d 160, 170 (2d Cir. 2015) ("[I]n order to secure a conviction under [18 U.S.C.] § 1001(a)(2), the Government must prove that a defendant (1) knowingly and willfully, (2) made a *materially* false, fictitious, or fraudulent statement, (3) in relation to a matter within the jurisdiction of a department or

---

[4]       The indictment identifies alleged felonies that were committed by "DeAndre Wilson and others" involving a narcotics conspiracy in violation of 21 U.S.C. § 846, murder while engaged in a narcotics conspiracy in violation of 21 U.S.C. § 848(e)(1)(A), conspiracy to use fire to commit a felony in violation of 18 U.S.C. § 844(h), use of fire to commit a felony in violation of 18 U.S.C. § 844(h), conspiracy to damage and destroy a vehicle used in interstate commerce by fire in violation of 18 U.S.C. § 844(n), damaging and destroying a vehicle used in interstate commerce by fire in violation of 18 U.S.C. § 844(n), and possession with intent to distribute marijuana in violation of 18 U.S.C. § 841(a)(1).

agency of the United States, (4) with knowledge that it was false or fictitious or fraudulent."
(alterations in original) (citation omitted)).[5]

Defendant previously pleaded guilty to a misdemeanor marijuana possession charge in violation of 21 U.S.C. § 844(a), requiring proof that Defendant possessed a controlled substance and that she knew she possessed a controlled substance. (*See* Case No. 1:19-CR-00155, Dkt. 397 at ¶ 3). The factual basis of Defendant's plea involved her admitting to possessing marijuana on October 9, 2019, at her residence (164 Parkridge Avenue, Buffalo, New York), and previously using the marijuana. (*Id*. at ¶ 4).

The elements of the marijuana possession charge and the elements of the misprision of a felony count differ. For instance, the marijuana possession charge requires proof that Defendant possessed a controlled substance, but no such proof is required for the misprision of a felony charge. Likewise, for instance, with the misprision of a felony charge, the government must prove that Defendant failed to notify the authorities about the underlying felony and took steps to conceal it. None of those elements are required to establish the marijuana possession conviction. Thus, because each offense contains at least one element not contained in the other, the Double Jeopardy Clause is not implicated here.[6]

---

[5] At the oral argument on October 18, 2023, Defendant's counsel clarified that he was only claiming a double jeopardy violation with respect to the first count of the indictment—the misprision of a felony charge. Therefore, in conducting the *Blockburger* analysis, the Court will focus on the elements of the misprision of a felony charge.

[6] Even though not at issue based on defense counsel's representations at oral argument, the Court easily reaches the same conclusion about the false statements charge—in other words, Defendant's knowing possession of a controlled substance does not have to be proved for count 2 of the indictment, and Defendant's knowing false statement as to

As noted, the government agreed to dismiss with prejudice at the time of sentencing the open counts of the second superseding indictment as part of that plea agreement (*id*. at ¶ 16), but those counts remain pending at this time.  Moreover, even if they had been dismissed pursuant to the plea agreement, the Court cannot conclude that any such dismissal would have entailed a resolution of factual elements that went to the merits of the charges nor that "any such resolution (assuming *arguendo* that one had occurred) involved a process that put [Defendant] at any risk of conviction." *Dionisio*, 503 F.3d at 89.

Nonetheless, even if jeopardy had attached to the open counts of the second superseding indictment of the 2019 Action, the existing indictment still would not implicate Defendant's double jeopardy rights.  The narcotics conspiracy charged in the 2019 Action involved 5 kilograms or more of a mixture and substance containing cocaine, 1 kilogram or more of a mixture and substance containing heroin, 100 kilograms or more of a mixture and substance containing marijuana, and butyryl fentanyl.  (Case No. 1:19-CR-00155, Dkt. 106).  Thus, the proof that the government would be required to establish to prove this crime is the existence of the conspiracy as charged, that Defendant willfully joined it, and the drug quantity (at least for the cocaine, heroin, and marijuana). *United States v. Hicks*, 5 F.4th 270, 275 (2d Cir. 2021), *cert. denied*, ___ U.S. ___, 142 S. Ct. 1157 (2022).  Thus, to prove Defendant guilty of the narcotics conspiracy charged in the 2019 Action, the government would need to prove that Defendant willfully joined the conspiracy.  On the

---

a material matter does not have to be proved for the misdemeanor marijuana possession charge.

other hand, with the misprision of a felony charge—even to the extent it is based on the underlying felony of a narcotics conspiracy—no proof is required that Defendant willfully joined the conspiracy.  But proof is required that Defendant failed to notify the authorities about the commission of the narcotics conspiracy and that Defendant took steps to conceal the crime—elements that are not required to prove Defendant's participation in the narcotics conspiracy.  *See United States v. Gebbie*, 294 F.3d 540, 544 (3d Cir. 2002) ("misprision of the felony of conspiracy is not a lesser-included offense of the conspiracy itself," explaining that "misprision requires that the defendant took steps to conceal the crime" whereas there is no analogous element for the conspiracy which requires proof of an agreement which the misprision statute does not); *United States v. Webb*, No. CR 6:10-296-HMH, 2013 WL 12106926, at *2-3 (D.S.C. Aug. 12, 2013) (explaining that conspiracy to possess with intent to distribute and misprision of felony involved different elements, and prosecution for both did not implicate double jeopardy), *appeal dismissed*, 558 F. App'x 322 (4th Cir. 2014).  Thus, because each offense contains at least one element not contained in the other, the Double Jeopardy Clause is not implicated, even if jeopardy attached with respect to the narcotics conspiracy charged against Defendant in the 2019 Action.

Similarly, with respect to count 23 of the second superseding indictment in the 2019 Action charging a violation of 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2, the government must prove that Defendant used or maintained a premises, for purposes of manufacturing, distributing or using marijuana, and Defendant acted knowingly.  *See United States v. Willis*, 14 F.4th 170, 184 (2d Cir. 2021) (stating elements), *cert. denied sub nom. Pierce v.*

*United States*, ___ U.S. ___, 142 S. Ct. 2660 (2022).  With respect to count 24 charging a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D) and 18 U.S.C. § 2, the government must prove that Defendant possessed marijuana, that she possessed it with the intent to distribute it, and that she did so knowingly and willfully.  *United States v. VanHoesen*, 578 F. Supp. 2d 449, 452 (N.D.N.Y. 2008) (stating elements), *aff'd*, 366 F. App'x 264 (2d Cir. 2010); *see United States v. Rodriguez*, 392 F.3d 539, 545 (2d Cir. 2004) ("To prove possession with the intent to distribute, the government was required to show that Rodriguez knowingly and intentionally possessed heroin, and did so with the intent to distribute it."). And because both counts charge accomplice liability pursuant to 18 U.S.C. § 2, Defendant could be liable "if (and only if)" she took an affirmative act in furtherance of the offense with the intent of facilitating the offense's commission.  *Rosemond v. United States*, 572 U.S. 65, 71 (2014).

Thus, for count 23, proof must be established that the premises (164 Parkridge Avenue) was used for the drug trafficking activities specified in the second superseding indictment, whereas no such proof is required for the misprision of a felony count—and likewise, the proof required for misprision of a felony such as failure to notify authorities and steps to conceal are not required to establish a conviction for premises liability in violation of 21 U.S.C. § 856(a)(1).  For count 24, proof must be established that Defendant knowingly possessed marijuana with the intent to distribute it or, for accomplice liability, that she took an affirmative step in furtherance of the marijuana distribution charge with the intent of facilitating its commission.  On the other hand, no such intent is required to prove the misprision of a felony charge.  Instead, for the misprision count—including to

the extent based on the underlying felony involving Wilson's possession of marijuana with the intent to distribute it—the government must prove that Defendant failed to notify the authorities and she took steps to conceal the crime.  Those elements are not required to prove the substantive count charged in count 24 of the second superseding indictment in the 2019 Action.

Therefore, even if jeopardy had attached to counts 1, 23, and 24 as charged against Defendant in the second superseding indictment of the 2019 Action, each of those offenses contains at least one element not required to be proved for a conviction on the counts charged in the indictment in this case, and each of the offenses charged in the indictment in this case contains at least one element not required to be proved for a conviction on the counts at issue in the 2019 Action.  And the same conclusion stands for the marijuana possession charge to which Defendant pleaded guilty.  Thus, the present charges do not violate Defendant's double jeopardy rights.

## IV.   **CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss on double jeopardy grounds is denied, and the remaining aspects of the pretrial motions are resolved as set forth herein and on the record during the appearance on October 18, 2023.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:  November 28, 2023
          Rochester, New York

- 13 -